IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **TRAZELL I** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | |
| | : | |
| **PENNSYLVANIA COMMONWEALTH, et al.** | : | **NO. 14-1141** |

FILED
JUN 17 2014
MICHAEL E. KUNZ, Clerk
By_______ Dep. Clerk

**MEMORANDUM**

**PRATTER, J.** **JUNE , 2014**

Currently before the Court is plaintiff Trazell I's "Motion to Amend Original Complaint and Request for Electronic Filing." For the following reasons, the Court will grant Trazell I leave to file the amended complaint attached to his motion, instruct the Clerk of Court to file the amended complaint on the docket, dismiss the amended complaint for failure to state a claim, and grant Trazell I's request to file electronically.

The initial complaint in this matter raised claims against numerous defendants, primarily pursuant to 42 U.S.C. § 1983. As explained in the Court's May 13, 2014 order, Trazell I's allegations were "vague, unclear, and somewhat nonsensical; few of them relate[d] to the named defendants." (Document No. 6, ¶ 2.) Although Trazell I appeared to be raising claims based on a search of his car and the loss of certain of his property, his complaint, as pled, was insufficient to state a claim. Accordingly, after granting Trazell I leave to proceed *in forma pauperis*, the Court dismissed the complaint without prejudice to Trazell I filing an amended complaint. Trazell I returned with a "Motion to Amend Original Complaint and Request for Electronic Filing," to which he attached a copy of his proposed amended complaint. As with the initial complaint, the amended complaint raises claims, primarily pursuant to 42 U.S.C. § 1983, against

several defendants, and appears to be premised upon an encounter that Trazell I had with certain Pennsylvania State Troopers.

As Trazell I is proceeding *in forma pauperis*, 28 U.S.C. § 1915(e)(2)(B)(i) & (ii) require the Court to dismiss the amended complaint if it is frivolous or fails to state a claim. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint is legally baseless if it is "based on an indisputably meritless legal theory," *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995), and factually baseless "when the facts alleged rise to the level of the irrational or the wholly incredible." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). To survive dismissal for failure to state a claim, the complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). "[M]ere conclusory statements[] do not suffice." *Id.* As Trazell I is proceeding *pro se*, the Court must construe his allegations liberally. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

As with his initial complaint, Trazell I's amended complaint contains unclear, nonsensical allegations that make it difficult to comprehend the true nature of his claims, and names numerous individuals as defendants without raising any allegations against most of them. Furthermore, the amended complaint provides definitions and legal citations that suggest the complaint is based, at least in part, on frivolous legal theories. The only possible basis for a claim that the Court can discern is what appears to be an interaction that Trazell I had with Pennsylvania State Troopers that appears to have resulted in the search of his car, the loss of certain of his property, and possibly his arrest. However, to the extent he is asserting claims based on an allegedly illegal search or seizure, his allegations are again too unclear and

confusing to state a claim. Nor has Trazell I stated a constitutional claim based on the loss of certain of his property or a failure to honor his request for the release of 911 tapes. *See Daniels v. Williams*, 474 U.S. 327, 328 (1986) ("[T]he Due Process Clause is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."); *see also Shakur v. Coelho*, 421 F. App'x 132, 135 (3d Cir. 2011) (per curiam) (holding that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by state officials).

For the foregoing reasons, the Court will dismiss the amended complaint. As Trazell I has already been given an opportunity to amend, and has not been able to cure the deficiencies in his complaint, the Court concludes that further attempts at amendment would be futile. An appropriate order follows, which shall be docketed separately.

By The Court:

Gene E.K. Pratter
USDJ
June 17, 2014